Ozie L. HILLSMAN, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health & Human Services, Defendant-Appellee.

No. 86–8147
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 9, 1986.

Eugene C. Black, Jr., Albany, Ga., for plaintiff-appellant.

John L. Lynch, Asst. U.S. Atty., Macon, Ga., S. Elizabeth Henderson, Office of General Counsel, Marietta Tower, Atlanta, Ga., for defendant-appellee.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

This appeal concerns the denial of an application for Social Security disability benefits on grounds that the applicant did not suffer a "severe impairment." Appellant Ozie Hillsman claims that the decision of the Administrative Law Judge (ALJ) is not supported by substantial evidence, and that the ALJ failed to give proper consideration to the diagnoses of her treating physician. We agree with appellant's contentions and, accordingly, remand the claim for further consideration of appellant's eligibility for benefits.

Appellant applied for Social Security disability insurance and supplemental security income on the basis of alleged disability as of September 1983. She claimed disability as a result of hypertension, diabetes, and arthritis, as well as secondary infirmities resulting from these diseases. Appellant was 53 years old at the time of her application. She previously had been employed as a farm laborer, but had not worked since 1974. She had received social security benefits from 1975 through 1983 because of diabetes and kidney ailments, but these benefits were terminated in 1983. She did not appeal the termination in a timely fashion and subsequently filed the application now on appeal.

The Administrative Law Judge who reviewed her case determined that appellant did not have a "severe impairment" as required by 20 C.F.R. § 404.1520(c) (1986).[1] He thus did not continue evaluating the application under the sequential steps provided by the regulations.[2] In concluding that appellant's impairments were not severe, the ALJ found that appellant's diabetes and hypertension were controllable, that the failure to control these diseases was the result of appellant's refusal to follow prescribed treatment, and that appellant's claims of arthritic pain and other physical infirmities were not credible in light of objective medical findings. The ALJ thus concluded that appellant "has the ability to perform a full range of work at all exertional levels." Although stating that the record would have justified a finding of entitlement to benefits, the district court upheld the conclusion as supported by substantial evidence. As the district court recognized, judicial review of the ALJ's determination is limited. We must uphold the decision if it is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S.Ct. 1420, 1422, 1427, 28 L.Ed.2d 842 (1971); *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984). We thus may not substitute our own judgment for that of the ALJ. Nevertheless, a reviewing court is under a duty to examine the record as a whole to ensure that the decision is supported by " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Perales*, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). A reviewing court may not look "only to those parts of the record which support the ALJ," but instead "must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th

1. 20 C.F.R. § 404.1520(c) (1986) states:
   (c) *You must have a severe impairment.* If you do not have any impairment(s) or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

2. The sequential evaluation process is described in 20 C.F.R. § 404.1520(a) (1986):
   (a) *Steps in evaluating disability.* We consider all material facts to determine whether you are disabled. If you are doing substantial gainful activity, we will determine that you are not disabled. If you are not doing substantial gainful activity, we will first consider your physical or mental impairment(s). Your impairment(s) must be severe and meet the duration requirement before we can find you to be disabled. We follow a set order to determine whether you are disabled. We review any current work activity, the severity of your impairment(s), your residual functional capacity and your age, education, and work experience. If we can find that you are disabled or not disabled at any point in the review, we do not review further.

Cir.1983). The decision of the ALJ need not be supported by a preponderance of the evidence, but it cannot stand with a "mere scintilla" of support. *E.g., Flynn v. Heckler*, 768 F.2d 1273 (11th Cir.1985).

The rejection of the disability application here was based on the ALJ's conclusion that appellant did not suffer from a "severe disability" as required by 20 C.F.R. 404.1806(c). For this conclusion to stand, we must find substantial support that the alleged impairment is "merely a slight abnormality with minimal effect on [the applicant's] general ability to work." *Flynn*, 768 F.2d at 1273. Our examination of the record shows, however, that such a conclusion is based on the merest scintilla of evidence. None of the five doctors who examined appellant even remotely suggested that she "has the ability to perform a full range of work at all exertional levels," as was found by the ALJ. To reach this conclusion, the ALJ had to discount completely appellant's long history of hypertension and diabetes, for all the examining doctors indicated that these diseases imposed some limitations on appellant.

■ The cornerstone of the ruling is thus the finding by the ALJ that appellant's hypertension and diabetes cannot be considered disabling because appellant has refused to follow prescribed treatment that would restore her ability to work. *See* 40 C.F.R. § 404.1530. As none of the examining physicians stated that appellant has not followed treatment that would control her diseases, and appellant testified at her hearing that she follows the prescribed treatments as closely as her income will allow, the ALJ apparently arrived at his conclusion inferentially. He suggested that appellant's failure to lose a considerable amount of weight indicated that she was not adhering to the 1500–calorie–per-day diet prescribed for her. He similarly hinted at the hearing that a sudden improvement in appellant's blood pressure and blood sugar level during a hospitalization for acute hypertension indicated that she had not taken her medication properly.

Perhaps, standing alone, this evidence would provide support sufficient to uphold the ALJ's finding that appellant has not followed prescribed treatment. Here, however, this circumstantial evidence of nonadherence to treatment must be viewed in light of an explicit refutation of the ALJ's conclusion by the doctor who both prescribed the diet and treated appellant during her hospitalization. This doctor explained in a letter to the ALJ that the failure of the appellant to respond to treatment was caused not by her refusal to follow that treatment but by complications resulting from the combination of diseases afflicting appellant. The doctor stated that the medicine for appellant's arthritis exacerbates her hypertension and that the medicine for the hypertension complicates her problems with diabetes. The hypertension itself is controllable by medication, but organ damage caused by the hypertension makes it difficult to exercise and thus to lose weight.

■ The opinion of a treating physician is to be given substantial weight in determining disability. *See Spencer on Behalf of Spencer v. Heckler*, 765 F.2d 1090, 1093–94 (11th Cir.1985); *Wiggins. v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). The ALJ here, however, chose to ignore the explanations regarding appellant's adherence to treatment offered by the very physician who prescribed the treatment. The ALJ stated that he rejected the treating physician's explanations because they were not supported by specific and complete clinical findings. *See* 20 C.F.R. § 404.1526 (1986). He found particularly that the findings of examining consultants contradicted the treating physician's opinions of the severity both of appellant's arthritis and of her hypertension-related organ damage. Yet discrepancies regarding the severity of arthritis and organ damage in no way undermine the treating physician's explanation of the inability of the treatment he prescribed to control appellant's hypertension and diabetes. Even if the arthritis is not disabling in itself, the medication prescribed for its

treatment complicates the hypertension.[3] Likewise, even if the hypertension is controllable by medication, that medication complicates the diabetes.

 Finally and most significantly, the record is devoid of a finding by any physician that appellant's diabetes is controllable by medication, diet, or otherwise. The only evidence suggesting that the diabetes might be controlled is the decrease in appellant's blood sugar during her hospitalization. When the physician who treated appellant during that hospitalization expressly discounts the likelihood of controlling the diabetes due to complicating factors, a few days of successful treatment in the confines of a hospital does not provide substantial evidence that the disease is not disabling. This court has previously cautioned against rejecting the opinions of treating physicians in favor of the contrary conclusions of consultants who have merely examined an applicant's medical records. *Spencer, supra,* 765 F.2d at 1094 ("[R]eports of physicians who do not examine the claimant, taken alone, do not constitute substantial evidence on which to base an administrative decision."). Here, however, the ALJ has rejected the opinions of the treating physician not even on the basis of a differing opinion expressed by another doctor, but rather because ALJ himself reached a different conclusion after viewing the medical records. Such circumstantial evidence cannot alone support a finding of a nonsevere disability in the face of an opposing conclusion by the treating physician.

Because the record does not contain substantial evidence to support the determination by the Administrative Law Judge that the diabetes and hypertension are not disabling because controllable, we REVERSE the decision of the district court and REMAND the case for further determinations regarding the elegibility of appellant for disability benefits.[4]

---

3. Although the consultants did not agree with the treating physician regarding the severity of appellant's arthritis, none suggested that appellant does not suffer from arthritis to some degree. The consulting physicians thus did not challenge the prescription of arthritis medication by the treating physician.

4. We express no opinion regarding appellant's eligibility for benefits. Our decision means only that the district court must remand to the ALJ for further determinations under the sequential steps for determining eligibility.

