Barbara STINSON, on behalf
of Marquita STINSON,
Plaintiff,

v.

Donna E. SHALALA, Secretary of Health
and Human Services, Defendant.

Civ. A. No. 93–A–733–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 30, 1994.

Micki Beth Stiller, Montgomery, AL, for plaintiff.

Kenneth E. Vines, U.S. Attorney's Office, Montgomery, AL, for defendant.

## ORDER

ALBRITTON, District Judge.

Upon an independent evaluation of this matter and upon the Recommendation of the Magistrate Judge, which recommendation is hereby adopted, it is the

ORDER, JUDGMENT and DECREE of the court that the decision of the Secretary be and is hereby remanded to the Secretary for further proceedings consistent with the Recommendation of the Magistrate Judge.

Done this 29th day of March, 1994.

## RECOMMENDATION OF THE MAGISTRATE JUDGE

COODY, United States Magistrate Judge.

Barbara Stinson brings this action on behalf of her minor daughter, Marquita Stinson, pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Secretary of Health and Human Services denying Supplemental Security Income under the Social Security Act. Upon review of the record and the briefs submitted by the parties, the court concludes that the case must be remanded to the Secretary for further proceedings consistent with this recommendation.

## FACTS

Marquita Stinson, age seven, is described by her teachers as a quiet, stubborn child who frequently stutters and "can't get her words out correctly." Record 167–170. Her mother, Barbara Stinson, filed an application for Supplemental Security Income on behalf of Marquita on September 29, 1989. Following a September 1992 hearing, an administrative law judge denied Ms. Stinson's application. The ALJ found that Marquita suffers from "a speech problem, asthma, complaints of headaches, enuresis, and attention-deficit hyperactivity disorder," but that she suffers from no impairment or combination of impairments meeting or equaling the Secretary's Listing of Impairments for children. Record 10. See 20 C.F.R. § 416.924; 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ further found that Marquita suffers from no impairment or combination of impairments which would disable an adult. Record 11. According to the ALJ, Marquita is not functioning at a marked level in any domain [1] and is not functioning at the moderate level in three domains. Record 10. The ALJ concluded that Marquita's impairments do not render her disabled under the Social Security Act.

Ms. Stinson appealed the ALJ's decision to the Social Security Administration's Appeals Council, but the Council denied her request for review. She then filed this lawsuit seeking judicial review of the Secretary's adverse decision.

## STANDARD OF REVIEW

The standard of review of the Secretary's decision is a limited one. This court must find the Secretary's decision conclusive if it is supported by substantial evidence. *Bridges v. Bowen,* 815 F.2d 622 (11th Cir.1987).

> Despite this limited review, [the court] ... must scrutinize the record in its entirety to determine the reasonableness of the Secretary's factual findings ... No similar presumption of validity attaches to the Secretary's legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir.1987).

A reviewing court may not look only to those parts of the record which support the decision of the administrative law judge (ALJ) but instead must view the record in its

---

**1.** The Secretary's regulations provide that if a child's impairments do not render her disabled under the Secretary's Listing of Impairments, the Secretary will do an individualized functional assessment to determine whether the child has impairments of comparable severity to those that would disable an adult. This assessment involves examining the child's functional and developmental domains; primarily, the child's cognition, communication, motor abilities, social abilities, personal/behavioral patterns, and her concentration, persistence, and pace in task completion. 20 C.F.R. § 416.924a; 416.924c. The precise domains examined depend upon the age of the child. § 416.924(e). A child is generally presumed disabled if she functions at a marked level in one domain *and* a moderate level in another domain; or, she is presumed disabled if she functions at a moderate level in three domains. 20 C.F.R. § 416.924(e).

entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen,* 804 F.2d 1179 (11th Cir.1986). The decision of the ALJ need not be supported by a preponderance of the evidence, but it cannot stand with a "mere scintilla" of support. *Id.* at 1181.

## DISCUSSION

The plaintiff challenges the Secretary's adverse decision on four grounds: (1) the Secretary inadequately analyzed and discussed key issues so that the court cannot exercise proper judicial review of the findings; (2) the ALJ failed to make a detailed individual functional assessment of the plaintiff's abilities; (3) the ALJ failed to give appropriate weight to the opinions of the plaintiff's treating sources, if any; and (4) the case should be remanded to the Secretary for consideration of the plaintiff's claim under the children's disability regulations as amended retroactively in September 1993.

## MEDICAL EQUIVALENCE

■ The plaintiff contends that the ALJ erred in failing to consider whether Marquita's impairments are medically equivalent to Section 111.09A of the Secretary's Listing of Impairments for children. *See generally,* 20 C.F.R. § 416.926a. The Secretary's regulations provide, in pertinent part, that

> If you are a child and you do not have an impairment that meets the requirements of a listing, we will determine whether you have an impairment or combination of impairments that is equivalent in severity to any listed impairment ... [w]e will compare the symptoms, signs, and laboratory findings about your impairment(s), including, where appropriate, any functional limitations that result from your medically determinable impairment(s), with the corresponding criteria shown for any listed impairment. When we make an equivalence decision, we will consider all relevant evidence in your case record · ... If the findings associated with your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is equivalent to the analogous listing ... For cases at the

Administrative Law Judge or Appeals Council level, the responsibility for deciding equivalence rests with the Administrative Law Judge or Appeals Council. 20 C.F.R. § 416.926a(a)–(c).

Additionally, the Eleventh Circuit holds that when an ALJ is considering medical equivalence under § 416.926a, he must consider the medical opinion of one or more designated physicians on an advisory basis. *Wilkinson v. Bowen,* 847 F.2d 660, 663 (11th Cir.1987).

The plaintiff contends that Marquita's speech impairments are medically equal to Section 111.09A of the Secretary's Listing of Impairments for children. Under section 111.09A, a child is disabled if she meets the following criteria:

> § 111.09A. *Communication impairment, associated with documented neurological disorder.* And one of the following:
>
> A. Documented speech deficit which significantly affects the clarity and content of the speech; or
>
> B. Documented comprehension deficit resulting in ineffective verbal communication for age ...

The plaintiff contends that Marquita's impairments are equivalent to § 111.09A because, although she does not suffer from a neurological disorder, her documented speech impairment significantly affects the clarity and content of her speech. The plaintiff contends that Marquita's stuttering affects the content of her speech because it causes her to be quiet. On December 27, 1990, Marquita underwent a speech pathology evaluation by the Easter Seal Rehabilitation Center. The speech pathologist found Marquita to have a moderate to severe language disorder characterized by inadequate vocabulary skills as well as language processing problems. Record 196. The pathologist also noted that Marquita's intelligibility, although good in relationship to her articulation, is significantly decreased to a severe dysfluency disorder. *Id.* In March 1991, Marquita underwent a second evaluation by the Monsky Developmental Clinic. Marquita's receptive and expressive language skills were both well below average, although her

articulation was "adequate." Record 209–210. On December 16, 1991, Marquita underwent a third evaluation at the request of the Secretary. Dr. Karl Kirkland, a licensed psychologist, found Marquita's intellectual functioning to be "in the average range of intellect", consistent with her March 1991 assessment at the Monsky clinic. Record 246. Dr. Kirkland noted that Marquita has "pockets of difficulty" centered around her verbal self expression skills that "make it difficult for her to function in the environment." Record 246. Thus, the plaintiff has satisfied her burden of presenting evidence that describes how her impairment has equivalency to the listed impairment. *See Bell v. Bowen,* 796 F.2d 1350, 1353 (11th Cir.1986).

The ALJ analyzed Marquita's impairments under § 112.11 of the Listings relating to Hyperactivity Disorder and concluded that she does not have an impairment which meets or equals the severity of any in the Listing of Impairments. Record 9. The ALJ failed, however, to analyze Marquita's impairments under § 111.09. The Secretary counters that the ALJ's failure to analyze the equivalency of Marquita's impairments under § 111.09 was justified because the claimant's representative at the hearing focused primarily on Marquita's attention deficit disorder and the ALJ "reasonably relied on plaintiff's representative to clarify and narrow the issues at the administrative hearing."

The Secretary's argument is unconvincing. It is well settled that the Secretary must consider all of the evidence regarding a claimant's alleged impairments to determine whether an impairment "meets or equals in severity *any* impairment that is listed" in the Secretary's listings. 20 C.F.R. § 416.924 (emphasis added); *Diabo v. Secretary of Health, Education & Welfare,* 627 F.2d 278 (D.C.Cir.1980) (law judge's duty in determining disability is to consider the cumulative effect of all of the claimant's ailments and complaints). Marquita's medical record amply demonstrates her impaired verbal functioning. *See* Record at 105, 148, 152, 167, 195, 201, 245. The ALJ's failure to properly analyze Marquita's documented speech im-

pairment under § 111.09A was error. On remand, the ALJ shall evaluate all of the evidence regarding Marquita's impairments to determine whether her impairments, singularly or in combination, meet or equal any of the Secretary's Listing of Impairments.

### FUNCTIONAL ASSESSMENT

■ The plaintiff contends that the ALJ failed to make a detailed functional assessment of Marquita's impairments required by 20 C.F.R. § 416.924e.[2] This section of the Secretary's regulations requires that an ALJ analyze all of the evidence to determine whether the child's impairments are of comparable severity to an impairment that would disable an adult. The plaintiff contends that the ALJ erred in failing to analyze two domains of Marquita's function; the first is her ability between age three to six to "communicate by telling, requesting, predicting, and relating information, by following and giving directions, by describing actions and functions, and by expressing your needs, feelings, and preferences in a spontaneous, interactive, increasingly intelligible manner, using simple sentences in grammatical form." 20 C.F.R. § 416.924c(d). The second relevant domain not considered by the ALJ is Marquita's ability after age six to communicate pragmatically and conversationally. 20 C.F.R. § 416.924c(e)(2). The ALJ's factual findings under the "functional equivalence test" were as follows:

> The medical evidence in [sic] the testimony at the hearing indicate that Marquita does have some inattention, but it is not marked, and could be labeled as "mild." She also has moderate impulsiveness and moderate hyperactivity, but not marked. Attention, therefore, must be given to the domains of development in functioning. Marquita is able to communicate and is of average intelligence. She has no deficits in motor ability, but is hyperactive. She enjoys going to church, singing, and does not appear to have any severe impairments in her social ability. Record 10.

The court agrees with the plaintiff that these findings do not provide the detailed

2. See n. 1, *infra,* for a general explanation of the Secretary's duty under § 416.924e.

assessment of the child's functional abilities envisioned by the Secretary's regulations. The ALJ made no attempt to relate the domains of development listed in the appropriate regulations to the documentary evidence of Marquita's speech impairment, nor did the ALJ state the weight given to the evidence in the record. Upon remand, if the ALJ concludes that Marquita's impairments do not meet or equal an impairment in the Listings, the ALJ shall make detailed and specific findings regarding Marquita's functional ability in the appropriate domains specified by the regulations.

## TREATING PHYSICIAN

 The plaintiff contends that the ALJ erred in failing to state the weight accorded the opinions of the plaintiff's treating sources, "if any." Since the plaintiff does not specify which of Marquita's medical sources should be accorded the status of "treating sources," the court declines to address this issue. On remand, the ALJ shall state specifically the weight accorded each item of obviously probative evidence and the reason for his decision. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981).

## NEW REGULATIONS

The plaintiff contends that remand is appropriate so that the Secretary can consider Marquita's claims under the children's disability regulations as amended retroactively on September 9, 1993. *See* 58 FR. 47532–01. The 1993 amendments reorganized and finalized the Secretary's previous regulations effective February 11, 1991. The 1993 amendment expressly states that "[n]one of the changes or revisions made to the prior rules in these final rules results in any way in a change to, or revision of, the substantive standard for determining children's disability." Since the 1993 amendments are technical, rather than substantive, the court would ordinarily find no reason to remand the case on this basis. Since remand is appropriate for other reasons, however, the Secretary should consider Marquita's impairments under the regulations as recently amended.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be remanded to the Secretary for further proceedings consistent with this Recommendation.