**David C. WILKINSON, on Behalf of
James D. WILKINSON,
Plaintiff–Appellant,**

v.

**Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant–Appellee.**

**No. 86–7855.**

United States Court of Appeals,
Eleventh Circuit.

July 15, 1987.

nation.

---

[*] Wesley E. Brown, United States Senior District
Judge for the District of Kansas, sitting by desig-

Ginger E. Garrett, Tuscaloosa, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Jenny L. Smith, Asst. U.S. Atty., North Birmingham, Ala., for defendant-appellee.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

David Wilkinson filed an application for Supplemental Security Income (SSI) for his infant son, James Derik Wilkinson (Derik). The district court affirmed the Health and Human Services Secretary's denial of Wilkinson's claim. On appeal, he argues that the Administrative Law Judge (ALJ) failed to consider all of Wilkinson's impairments and all applicable sections of the Regulations Listing of Impairments, and that the ALJ's determination that Wilkinson's impairments do not meet or equal any listing is unsupported by substantial evidence. We affirm.

Derik was born February 27, 1984 and was 10 months old at the time of his hearing before an ALJ. In order for a child under the age of eighteen to establish entitlement to SSI, he must prove that he has a medically determinable physical or mental impairment "of comparable severity" to an impairment which would render an adult disabled. 42 U.S.C.A. § 1382(a)(3)(A). The regulations promulgated pursuant to this provision provide that a child under eighteen will be found disabled if (a) he is not engaged in any substantial gainful activity and (b) his medically determinable impairment (1) meets the twelve-month duration requirement and (2) is the same as or medically equivalent to an impairment listed in the Listing of Impairments ("the listings") found at 20 C.F.R. Part 404, Subpart P, Appendix 1 (1986). 20 C.F.R. § 416.924.

The listings include two parts: Part A contains medical criteria that apply to adult persons age eighteen and over, and Part B contains additional medical criteria that apply only to the evaluation of impairments of persons under age eighteen. Claims of persons under the age of eighteen are first evaluated to determine whether the claimant has an impairment listed in Part B; if the criteria in Part B do not apply, claims are evaluated with reference to Part A. 20 C.F.R. § 416.925(b). These regulations have been upheld as reasonable and consistent with the Act. *Powell v. Schweiker*, 688 F.2d 1357, 1363 (11th Cir.), *reh'g denied*, 694 F.2d 727 (11th Cir.1982). The vocational factors of age, education, and work experience are *not* considered when evaluating a child's entitlement to SSI. 20 C.F.R. § 416.920(d).

The Wilkinson child is afflicted with a rare chronic liver disease known as Alpha I Antitrypsin deficiency. He is isolated from public places, essentially confined to his home, except for trips to the doctor. He swells, cannot eat, and runs a fever three or four nights a week. The swelling of his arms, legs, and feet causes pain. He has been hospitalized four times, and he tires easily. The doctors say he has a life-long

condition, precluding a normal childhood and adult life. He has allergic reactions to any kind of food. He requires constant attention, and when he swells up, he must be held all night.

The medical evidence indicates that in addition to chronic liver disease, Wilkinson has a history of: associated mild conjunctivitis and hepatomegaly, left inguinal hernia, and gastroenteritis. He also has mild developmental delay. In addition to the hospital records incorporated with the above-cited physician's reports, the record reveals Derik made one emergency room visit which resulted in a diagnosis of allergic reaction, and was discharged in good condition.

The ALJ sent the medical evidence and a copy of what she determined were the pertinent sections of the Regulations for evaluation to Dr. Fernhoff, a pediatrician. Fernhoff concluded that Derik's condition appeared not to meet or equal any of the Listings. He said, however, that additional evidence was needed on Derik's overall development because if Derik's development was less than half his chronological age, he would meet Listing 112.05A.

At the ALJ's request, a clinical psychologist examined Derik. She determined that Derik was of average height and weight for his age, and on the basis of psychological testing, that his cognitive skills were age-appropriate, but noted some significant deficits in the areas of fine motor and gross motor coordination.

This evidence must be examined in light of the listings. The listings include medical criteria for specified disorders of thirteen major body systems. These impairments are so severe that an individual who has a listed impairment is generally considered unable to work based upon medical considerations alone. 20 C.F.R. § 416.925(a). A claimant may prove that he is disabled by either (1) *meet*ing the listings or (2) *equal*ing the listings. In order to *meet* a listing, the claimant must (1) have a diagnosed condition that is included in the listings and (2) provide objective medical reports documenting that this condition meets the specific criteria of the

applicable listing and the duration requirement. A diagnosis alone is insufficient. 20 C.F.R. § 416.925(c)-(d). In order to *equal* a listing, the medical findings must be at least equal in severity and duration to the listed findings.

■ If a claimant has more than one impairment and none of his impairments meet or equal a listed impairment, the Secretary reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination of impairments is medically equal to any listed impairment. 20 C.F.R. 416.926(a). When deciding medical equivalence, the Secretary must consider the medical opinion of one or more designated physicians on an advisory basis. *Id.*, at § 416.926(b). When a claimant contends that he has an impairment meeting the listed impairments, the burden is on the claimant to present specific medical findings that meet the various tests listed under the description of the applicable impairment, or, if in the alternative, he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present evidence which describes how the impairment has such an equivalency. *Bell v. Bowen,* 796 F.2d 1350, 1353 (11th Cir.1986) (Appendix A).

Before the ALJ could evaluate Derik's impairments in conjunction with the listings, she had to determine what impairments the physicians of record had diagnosed.

This Court has jurisdiction to make only a limited review of the Secretary's decision and the record made in the administrative process. The findings and decision of the Secretary are conclusive if supported by substantial evidence. 42 U.S.C.A. § 405(g). The Court may not decide the facts anew, reweigh the evidence or substitute its judgment for that of the Secretary. *Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir. 1982).

■ The ALJ found that the medical evidence established that Derik has the following impairments: Alpha I Antitrypsin deficiency with a history of associated hepatomegaly (enlargement of the liver), his-

tory of left inguinal hernia, history of gastroenteritis, and mild developmental delay. Derik's counsel contends that the ALJ failed to consider seven "additional significant impairments": (1) tachycardia (rapid heart rate), (2) tachypnea (rapid pulse rate), (3) allergies, (4) history of elevated temperature, (5) history of susceptibility to infection, (6) history of extra axial fluid accumulation, and (7) possible perbronchial infiltration. The medical records in this case, however, fail to document any of the seven additional impairments Wilkinson contends the ALJ failed to consider.

An "impairment" as defined in 20 C.F.R. § 416.909 must have lasted or be expected to last for a continuous period of twelve months. *See also,* 20 C.F.R. § 416.925(a). None of the alleged "additional significant impairments" meet this criterion. The first two "impairments" have never been diagnosed by any physician of record. Derik's heart rate and respiration rate increased in May 1984 during an episode of diarrhea and again in September 1984 when he had an allergic reaction to dairy products. Neither "tachycardia" nor "tachypnea" was mentioned on either occasion. The only medical reference to the third alleged impairment, "allergies," is the emergency room report of September 1984 which indicated that Derik had a "known allergy to dairy [products]" which he had eaten. He was discharged in good condition.

The medical evidence likewise does not document the fourth or fifth alleged impairments, "elevated temperature," and "susceptibility to infection," as separate and distinct impairments. Rather, they appear to be "signs" or symptoms that result from his diagnosed conditions. *See* 20 C.F.R. § 416.928(b) (defining "signs" as abnormalities which can be observed and shown by medically acceptable clinical diagnostic techniques.)

The sixth, Derik's history of "extra axiofluid accumulation" also has not been demonstrated to be a severe medically determinable impairment. In March 1984, when Derik was three days old, an ultrasound of the head was within normal limits. In June 1984, an ultrasound resulted in a Physician's impression of "benign extra-axiofluid accumulation of infancy." In July 1984, the surgeon who repaired Derik's hernia noted that the head ultrasound showed no hydrocephalus and that the fluid "should absorb." In August 1984, Dr. Mestre reviewed the latest ultrasound findings and made no mention of extra axiofluid accumulation. The medical evidence thus fails to demonstrate a severe impairment of twelve months' duration.

Similarly, the medical evidence fails to demonstrate the seventh alleged impairment, "possible perbronchial infiltration."

Because none of the alleged additional impairments were supported by the record, the ALJ did not err in failing to consider them as independent impairments.

Wilkinson contends that substantial evidence documents a combination of impairments which meet or equal Listing 104.-02(A)(B) and (D). He argues that the ALJ improperly relied on a "paper" medical advisor to make this determination. This Court has independently reviewed the record and finds this issue is without merit. Listing 104.02 deals with chronic congestive failure of the cardiovascular system, and no medical evidence of records indicates that Derik has any such problem. The occasional findings of increased heart and pulse rates that occurred during Derik's periodic illnesses did not result in any diagnoses of congestive heart failure.

■ Contrary to Wilkinson's contention, the ALJ could rely on the opinion of Dr. Fernhoff. When deciding medical equivalence, the Secretary must consider the medical opinion of one or more designated physicians on an advisory basis. 20 C.F.R. § 416.926(b).

Because Wilkinson's issues are without merit, the denial of the benefits should be affirmed. This ruling does not foreclose Wilkinson from filing a new application for benefits should medical evidence document a deterioration in Derik's condition.

AFFIRMED.