[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13578
Non-Argument Calendar

_____

D.C. Docket  No. 04-00296-CV-FTM-33-SPC

JAMES E. WILBON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 18, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant James E. Wilbon appeals the district court's affirmance of the Commissioner of Social Security's denial of benefits for the period of 16 March 1991 through 31 December 1999.[1] No reversible error has been shown; we affirm.

Plaintiff has not worked at least since 16 March 1991. He seeks benefits claiming disability due to mental retardation and a host a physical conditions, including a peptic ulcer, shortness of breath, and blackouts. When Plaintiff last worked, he worked as a construction worker, cement mason apprentice, and plasterer.

To show disability under the Social Security Act, a claimant must show, for a prescribed duration, an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § § 404.1520, 416.920; Jones v. Apfel, 190 F.3d 1224, 1228; (11th Cir. 1999). In steps one and two, the claimant must show that he has not engaged in substantial gainful activity, Jones, 190 F.3d at 1228; and he must prove a severe

---

[1]In connection with an earlier application, the Commissioner determined that Plaintiff was not disabled at any time through 15 March 1991. In connection with a later application, the Commissioner determined that Plaintiff was disabled as of 1 January 2000.

impairment or combination of impairments. Id. In step three, the impairment is compared to listed impairments; if the impairment meets or equals a listed impairment, disability is automatically established. Id. If step three's impairment listing does not establish disability, in step four claimant must show an inability to perform past relevant work. If claimant makes a sufficient showing of inability to perform past relevant work, in step five the Commissioner bears the burden of showing other available work that claimant is able to perform. Id.

The Administrative Law Judge ("ALJ") concluded that Plaintiff had not worked during the relevant period and suffered severe impairments based on his mild mental retardation and history of peptic ulcer disease. The first two steps in the evaluative process are not disputed. The ALJ determined, however, that Plaintiff failed to show that his impairments, singly or in combination, met or equaled the level of severity set out in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.05(B) and (C) (Listings 12.05(B) and (C)(step three). The ALJ also concluded that Plaintiff retained the residual functional capacity to perform a wide range of work, including his past relevant work (step four). The ALJ determined that Plaintiff was not disabled under the Social Security Act during the period under review.

3

In this appeal, Plaintiff argues that the ALJ erred in concluding that he did not meet Listing 12.05(B) and (C) because he either had (i) an intelligence quotient (IQ) score of 59 or below (which would make him automatically disabled under Listing 12.05(B); or (ii) an IQ score in the 60 to 70 range, combined with peptic ulcer disease, acute pancreatitis, and other cognitive impairments, which significantly limited his functional ability to work (which would make him disabled under Listing 12.05(C)). To "meet" a Listing in step three, a claimant must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. See 20 C.F.R. § § 404.1525(a)-(d), 416.925(a)-(d). To "equal" a Listing in step three, the medical findings must show an impairment at least equal in severity and duration to the criteria set out in a listed impairment. See id. § § 404.1526(a), 416.926(a). The level of severity of mental retardation under Listing 12.05(B) is met when a claimant proffers a valid verbal, performance, or full scale IQ of 59 or less; the level of severity under Listing 12.05(C) is met when a claimant proffers a valid verbal, performance, or full scale IQ of 60 through 70 and suffers from an impairment that imposes an additional and significant work-related limitation of function which more than minimally or slightly effects the claimant's ability to do basic work. See Edwards by Edwards v. Heckler, 755 F.2d 1513, 1515 (11th Cir.

4

1985).  A claimant who contends that he has an impairment that meets or equals a Listing bears the burden of presenting evidence establishing how his impairment meets or equals that Listing.  See Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

We review a social security case to determine whether the ALJ's decision is supported by substantial evidence and whether the correct legal standards were applied.  See Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citation omitted).  We may not re-weigh the evidence or substitute our own judgment for that of the ALJ, even if we were to conclude that the evidence preponderates against the ALJ's decision.  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

The record discloses three sets of IQ scores.  Dr. Rosen reported scores of 68 verbal; 70 performance; and 68 full scale.[2]   Dr. Crowell reported scores of 54

---

[2]The ALJ discredited Dr. Rosen's subjective evaluation of Plaintiff's condition but concluded that objective testing performed by Dr. Rosen was not also untrustworthy.

verbal; 65 performance; and 55 full scale, but also noted that Plaintiff had been less than completely forthright in relating his personal history. Dr. Borkosky reported scores of 66 verbal; 68 performance; and 64 full scale. Plaintiff offers no argument that Dr. Crowell's scores are more reliable than other scores in the record. Instead, Plaintiff argues that the lowest score must be used.

Where a series of IQ scores customarily are generated by a single test administration, the regulations require that the lowest of those scores be used in conjunction with Listing 12.05. 20 C.F.R. Pt. 404, Supt. P, App. 1, § 12.00(D)(6)(c) ("In cases where more than one IQ is customarily derived from the test administered ..., we use the lowest of these in conjunction with 12.05"); Hodges v. Barnhart, 276 F.3d 1265, 1268 n.1 (11th Cir. 2001). Under this rule, Dr. Crowell's scores are considered in the below 59 range, even though the performance score was 65. But the "lowest score" rule does not address which IQ score an ALJ should rely upon when multiple sets of tests have been administered. We see no error in the ALJ's consideration of the multiple IQ scores generated by different test administrations. Viewed in the light of the full record, substantial evidence supports the ALJ's finding that Plaintiff's IQ score was in the 60 to 70 range.

Nor did the ALJ err in finding that Plaintiff failed to meet the criteria for presumptive disability under Listing 12.05(C). Plaintiff's contentions of pain caused by peptic ulcer disease and acute pancreatitis were unsupported by the objective clinical findings or by the opinions of treating and consultant sources. The ALJ concluded that Plaintiff's claims of pain and physical infirmity were not credible. The medical records, together with the testimony of the medical examiner and the vocational expert, show substantial record evidence in support of the ALJ's finding that Plaintiff suffered from no additional physical or mental impairment that imposed an additional and significant work-related limitation of function.

We have considered Plaintiff's other arguments and find them to be without merit.

AFFIRMED.