[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11832
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-00130-LJA-TQL

JOHN LEVIE,

Plaintiff-Appellant,

versus

NANCY A. BERRYHILL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 7, 2018)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

John Levie appeals the district court's order affirming the Social Security Commissioner's denial of his application for disability insurance benefits and supplemental security income, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). An ALJ found that although Levie suffered from numerous impairments and could not perform his past work, Levie was not disabled because none of his impairments met or were equal to a listed impairment, and because he remained capable of performing work that existed in significant numbers in the national economy. On appeal, Levie argues that the ALJ erred (1) by not affording enough weight to the opinions of Dr. Beaty and Dr. Smith, two of Levie's physicians, (2) in failing to consider the opinion of Mac Wilcox, a licensed social worker and therapist from whom he had received treatment, and (3) by not evaluating all of his alleged impairments. After careful review, we affirm.

## I.

In Social Security appeals, we review the agency's legal conclusions de novo. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). The agency's factual findings are reviewed for substantial evidence. *Id*. Substantial evidence is any relevant evidence that a reasonable person would accept as adequate to support the conclusion. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). If, in light of the record as a whole, substantial evidence supports the Social Security Commissioner's decision, we will not disturb it. *Id*. at

2

1439.  Additionally, "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim."  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).

Social Security Regulations prescribe a five-step process for ascertaining a claimant's disability status.  20 C.F.R. §§  404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  The ALJ must determine whether: (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment or combination of impairments; (3) that impairment, or combination of impairments, meets or equals any of the listings of impairments; (4) the claimant can perform his past relevant work in light of his residual functional capacity; and (5) in light of the claimant's age, education, and work experience, the claimant can perform other work found in the national economy.  *Id.*; *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

## II.

We first consider Levie's argument that the ALJ improperly discredited the testimony of his psychologist, Dr. Smith, and his psychiatrist, Dr. Beaty.  In assessing a claimant's residual functional capacity, the ALJ must state with particularity the weight given to different medical opinions and the reasons for doing so.  *See Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam).  The testimony of a treating physician must be given substantial or considerable

weight unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179.

Good cause exists "when (1) the treating physician's opinion was not bolstered by

the evidence, (2) the evidence supported a contrary finding, or (3) the treating

physician's opinion was conclusory or inconsistent with the physician's own

medical records." *Id.* When the ALJ articulates specific reasons for failing to give

the opinion of a treating physician controlling weight and those reasons are

supported by substantial evidence, there is no reversible error. *See Moore v.*

*Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (per curiam).

Here, the ALJ's decision to give Dr. Beaty's opinion and Dr. Smith's

opinion less weight is supported by substantial evidence. The record reflects that

the ALJ carefully considered the treatment notes and medical opinions of Dr.

Beaty and Dr. Smith and how those opinions fit with the record as a whole. The

ALJ ultimately found that objective medical evidence in the record and evidence of

Levie's daily activities and work history were not consistent with the opinions of

Dr. Beaty and Dr. Smith, both of which suggested a more restrictive view of

Levie's abilities. Specifically, evidence in the record demonstrated—and Levie

acknowledged—that in addition to performing daily activities, Levie was able to

take care of his mother, remodel both his own property and other properties, and

work for Goodwill Industries during his alleged disability. The evidence also

suggests that Levie was able to function even when he did not take his medication.

4

Because substantial evidence supported a contrary finding—that the claimant was not so limited in his abilities—the ALJ had good cause to afford less weight to the treating physicians' opinions than the other medical opinions in evidence. *See Winschel*, 631 F.3d at 1179; *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004).

## III.

Next, Levie argues that the ALJ erred in failing to consider the opinion of Mac Wilcox, a social worker and therapist from whom he received treatment, and that such failure merits reversal. We find this argument unavailing. First, under SSA regulations, Wilcox—a social worker and therapist—was not an "acceptable medical source," and so his opinion could not have been utilized to establish the existence of impairment in the first place. *See* 20 C.F.R. § 404.1502(a). Thus, the ALJ was not required to give Wilcox's notes any special consideration. Second, while Levie contends that the ALJ did not consider Wilcox's opinion, the record reflects that the ALJ specifically referred to the fact that Levie had seen Wilcox for treatment, and cited to the exhibits that contained Wilcox's relevant treatment notes. Because Levie saw Wilcox for treatment between five to seven years before Levie's alleged onset of disability, these notes were of limited relevance. While we have previously said that an ALJ has an obligation to explain the weight given to "obviously probative" evidence, *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th

5

Cir. 1981), treatment notes from a non-acceptable medical source that were taken five to seven years prior to the claimant's alleged onset of disability are not obviously probative.

## IV.

Next, Levie argues that the ALJ erred in failing to consider the impact of all of his alleged impairments—specifically, ADHD, Asperger's disorder, and cognitive disorder—and that failure to do so is reversible error. Where a claimant has alleged several impairments, the Commissioner must consider the impairments in combination and determine whether the combined impairments render the claimant disabled. *See Jones v. Dep't of Health & Human Servs*., 941 F.2d 1529, 1533 (11th Cir. 1991) (per curiam). An ALJ's statement that he has considered a combination of impairments is adequate to meet this standard. *Id*.

A diagnosis alone is insufficient to support a finding of disability, but must be accompanied by evidence of functional limitation. *See Moore v. Barnhart*, 405 F.3d 1208, 1212−13 (11th Cir. 2005) (per curiam). If the claimant contends that he has an impairment that equals a listed impairment, the claimant must present evidence that describes how the impairment has such an equivalency. *Wilkinson ex rel. Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir.1987) (per curiam).

Here, at step two of the analysis, the ALJ determined that Levie suffered from severe impairments, including dysthymia, anxiety disorder, bipolar disorder,

6

and borderline personality disorder.  The record undermines Levie's claim that the ALJ failed to consider that he had been diagnosed with ADHD, Asperger's disorder, and cognitive disorders.  In fact, in discussing the medical evidence contained in the various exhibits submitted by Levie, the ALJ specifically noted that various mental health professionals had diagnosed him with those particular disorders.  After considering other acceptable medical opinions, including opinions from Dr. Carden and state agency psychologists, as well as Levie's daily activities and work history, the ALJ concluded that these disorders did not impose significant functional limitations.  Specifically, the ALJ found that Levie's symptoms were not as severe or persistent as Levie alleged.

In his written decision, the ALJ stated that he had considered Levie's impairments—both singly and in combination—and concluded that they did not meet the severity of any of the relevant listings.  Such a statement is sufficient to find that the ALJ considered the impact of the claimant's impairments alone and in combination.  *See Jones*, 941 F.2d at 1533.  Further, while the ALJ did not find all of Levie's mental disorders to be "severe," the ALJ took Levie's social skills and adaptive functioning into account, suggesting that Levie should only perform simple work, should have no interaction with the general public or close teamwork with coworkers, and should not work around crowds of twenty or more people.

7

Overall, we find that the ALJ conducted a careful analysis of Levie's impairments and properly considered Levie's functional limitations.  Accordingly, we affirm.

**AFFIRMED.**